IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BILLY RAY CALDWELL,           )
                              )
    Plaintiff,                )
                              )     NO. 3:06-01006
v.                            )     JUDGE HAYNES
                              )
WACHOVIA SECURITIES, LLC,     )
                              )
    Defendant.                )

## MEMORANDUM

Plaintiff, Billy Ray Caldwell, filed this action under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 against the Defendant Wachovia Securities, LLC ("Wachovia") and moves to vacate the arbitrator's award. (Docket Entry No. 1). The Defendant has filed a cross-motion to confirm the arbitrator's award. (Docket Entry No. 10).

Plaintiff contends, in sum: (1) that during the arbitration proceedings, Wachovia failed to disclose in discovery its submission of adverse reports about Plaintiff to the credit reporting agency; (2) that by doing so, Wachovia violated the Fair Credit Report Act ("FCRA"), 15 U.S.C. §§ 16815-2(a)(3) and (7); and (3) that Wachovia's charge-off of Plaintiff's debt and its effort in arbitration to collect that debt, constitute fraud that invalidates the arbitrator's award.

In its motion, Wachovia contends that: (1) the nature of the parties' controversy made Plaintiff's credit report relevant and Plaintiff had a right of access to his credit report; (2) that Plaintiff never served upon Wachovia a discovery request for Plaintiff's credit report; (3) that any FCRA violation was unintentional and any charge-off of Plaintiff's debt does not relieve Plaintiff of his obligation to pay that debt.

This controversy arises out of Plaintiff's promissory note executed in the amount of

$435,355.28 in favor of Wachovia when Plaintiff joined Wachovia's securities business. Plaintiff agreed to repay the $435,355.28 plus interest at the rate of seven percent (7%) per annum and beginning April 2001, $10,124.54 was forgiven at the end of each month of Plaintiff's full-time employment with Wachovia. If Plaintiff left Wachovia during the term of the note, the remaining balance on the note was immediately due and payable with interest on any unpaid principal. Plaintiff left Wachovia on or about December 10, 2004. The remaining principal balance and accrued interest under the Note totaled $199,466.00 that immediately became due under the terms of the note.

When Plaintiff failed to pay his obligation, Wachovia initiated the NASD Arbitration. On November 25, 2005, Plaintiff executed a Uniform Submission Agreement for a NASD Arbitration proceeding. In that Uniform Submission Agreement, Plaintiff acknowledged that:

> The undersigned parties further agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree that a judgment and interest due thereon, may be entered upon such award(s) and, for these purposes, the undersigned parties hereby voluntarily consent to submit to the jurisdiction of any court of complete jurisdiction which may properly enter such judgment.

(Docket Entry No. 13-3, Uniform Submissions Agreement at ¶ 4). At the NASD arbitration hearing, the parties presented their evidence and stated on the record that each party had received a full and fair hearing on the merits of the issues before the Panel. The NASD Arbitration Panel issued its award on September 15, 2006.

The FAA creates a legal presumption that arbitration awards will be confirmed. Anderson Inc. v. Horton Farms, Inc., 166 F.3d 308, 328 (6th Cir.1998). "[J]udicial review of an arbitration award is very limited." Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355, 395-96

2

(2002); Federated Dep't Stores, Inc. v. J.V.B. Indus., Indc., 894 F.2d 863, 866 (6th Cir.1990) ("As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision"). The Courts do not weigh the merits nor equities of any arbitrated claim. Major League Players Ass'n v. Garvey, 532 U.S. 504, 510 (2001) ("Courts, thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.").

The FAA, however, provides four statutory bases to vacate an arbitration award and the pertinent provision here is if the arbitration award was procured by fraud. 9 U.S.C. § 10(a). Plaintiff contends that Wachovia's cited conduct was fraudulent. For an arbitration award to be vacated, the movant must show: "(1) clear and convincing evidence of fraud, (2) that the fraud materially relates to an issue involved in the arbitration, and (3) that due diligence would not have prompted the discovery of the fraud during or prior to the arbitration." Int'l Bd. of Teamsters, Local 519 v. United Parcel Serv., Inc., 335 F.3d 497, 503 (6th Cir.2003). A finding of fraud requires proof of intentional misconduct or bad faith. Bauer v. Carty & Co.,Inc., No. 06-5390, 2007 WL 2492415, at *2 (6th Cir. Sept. 4, 2007).

As to Wachovia's "charge-off" of Plaintiff's debt, there is not any evidence that Wachovia violated any law. The circumstances of a charge-off and its effect can vary and is complex. See e.g., Thompson, III v. C.I.R., 761 F.2d 259 (6th Cir.1985). Plaintiff has not presented proof that Wachovia has taken any benefit from the charge-off of his debt, and if so, has not taken any remedial measures for any legal consequences of that charge-off in light of the arbitration award.

3

As to the discovery issue, the Court finds Bauer v. Carty & Company, Inc., 2006 U.S. Dist. LEXIS 16688 (W.D.Tenn. Apr. 3, 2006) aff'd 2007 WL 2492415 (6th Cir. Sept. 4, 2007), a case Wachovia relies on to be instructive. In Bauer, the plaintiff alleged that the defendant obtained an arbitration award through fraud and undue means by intentionally failing to produce documents responsive to discovery requests made during arbitration that were material to his defense. Id. at *5. In Bauer, the district court denied the Plaintiff's complaint to vacate the arbitration award and granted judgment for the Defendant's company, stating:

> It appears to the court that [Defendant] produced documents (or did not) based on a narrow interpretation of [Plaintiff's] discovery requests as to relevancy, where the Plaintiff no doubt intended (and hoped for) a broader one. Disputes over such differences in interpretation are hardly known in discovery practice and are in fact the stuff of a majority of motions to compel that find their way to this Court.

Id. at *8.

On appeal, the Sixth Circuit observed:

> The narrow interpretation of a document request and withholding a document based upon a potentially meritorious objection do not constitute clear and convincing evidence of bad faith or immoral conduct required from fraud or undue means.

Bauer, 2007 WL 2492415 at *3.

Here, Caldwell alleges fraud and bad faith because Wachovia failed to produce Caldwell's credit report in response to his discovery requests. Yet, Plaintiff has not demonstrated that any of his discovery requests during arbitration required the production of his credit report or any communications between the credit agency and Wachovia. Plaintiff's requests 6, 13, and 15 seek documents consisting of, referring to, relating to, or evidencing various agreements between parties. Request 21 seeks documents evidencing Wachovia's

4

damages. These requests would not appear to include Wachovia's communications about Plaintiff to credit reporting agencies. In any event, discovery disputes or misunderstandings on discovery matters in arbitration proceedings are not grounds to vacate an arbitration award. "By voluntarily becoming a party to a contract in which arbitration was the agreed mode for settling disputes thereunder respondent chose to avail itself of the procedures peculiar to the arbitral process rather than those used in judicial determinations." Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., 20 F.R.D. 359, 361 (S.D.N.Y. 1957).

As to Plaintiff's FCRA contentions, Plaintiff asserts that it was fraudulent for Wachovia to report the outstanding debt to the credit reporting agencies while simultaneously attempting to collect the debt. The Court concludes that Caldwell has shown that Wachovia's reports to a credit agency about Plaintiff's debt without notice to him, violated the notice provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, 5-2(a)(3) and (7). Yet, Plaintiff must demonstrate that these violations of FCRA's notice provision bear a material relationship to whether he was obligated to pay the note. Gingiss Intern., Inc. v. Bormet, 58 F.3d 328, 333 (7th Cir. 1995). Plaintiff has not done so.

The primary case upon which Plaintiff relies, Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378 (11th Cir. 1988), is neither controlling nor particularly relevant to this action. Bonar involved an appeal of an arbitration award where an expert perjured himself at the arbitration proceeding. Here, Plaintiff has not alleged that any witness committed perjury at the arbitration. Plaintiff does not show that as a matter of law, Wachovia could not pursue the debt after the charge-off. Although facially unfair, Plaintiff has not shown that Wachovia acted beyond its legal rights as a creditor or recouped more than the amount of the note.

5

Moreover, Plaintiff must show by clear and convincing evidence that the cited fraud was not discoverable at the time of the arbitration proceedings and that due diligence was taken to discover the cited conduct. O.R. Securities, Inc. v. Professional Planning Assoc., 857 F.2d 742, 748 (11th Cir.1988); Portland General Elec. Co. v. U.S. Bank Trust Nat. Ass'n, 38 F.Supp.2d 1202, 1208-09 (D. Or. 1999) rev'd on other grounds, 218 F.3d 1085 (9th Cir.2000). Plaintiff has not made that showing.

Thus, the Court concludes that Plaintiff has not shown that Wachovia has violated any law when it charged-off Plaintiff's debt while simultaneously attempted to recover that debt in an arbitration proceeding. The Court further concludes that Plaintiff has not demonstrated that any violation of the FCRA bears a material relationship upon Plaintiff's obligation to pay his debt. Finally, the Court concludes that Plaintiff has not presented clear and convincing evidence to set aside the arbitration award.

Accordingly, Plaintiff's motion to vacate the arbitration (Docket Entry No. 1) award should be denied and Defendant's motion to confirm the arbitration award (Docket Entry No. 10) should be granted.

An appropriate Order is filed herewith

**ENTERED** the __15th__ day of October, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge

6